| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| JOYCE J. CASTRO, § § Plaintiff, § § *versus* § § CAROLYN W. COLVIN, § Acting Commissioner of Social Security, § § Defendant. § | CIVIL ACTION NO. 1:15-CV-1 |

**ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION**

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. This matter has been referred to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to the applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The court has considered the report and recommendation (#11) filed on February 1, 2017, and the Plaintiff's objections (#12). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes that the Plaintiff's objections are without merit.

Plaintiff objects to the magistrate judge's finding that substantial evidence supported the Administrative Law Judge's ("ALJ") determination that the opinion of treating physician Chad Hammett ("Dr. Hammett") was not supported by the medical record as a whole or his own treatment notes and was not entitled to controlling weight. Plaintiff argues that the ALJ focused solely on the normal findings in the record and ignored abnormal findings. Plaintiff also argues

that the ALJ did not properly consider the factors laid out in 20 C.F.R. § 404.1527(c) and § 416.927(c) because the ALJ did not explain how the relevant factors supported rejecting the opinions from Dr. Hammett.

As to the first issue, the magistrate judge correctly determined that the ALJ properly considered Dr. Hammett's opinion and findings. Both the ALJ's and magistrate judge's opinion refer to both normal and abnormal findings in the medical record. As to the second issue, the magistrate judge correctly concluded that the ALJ sufficiently weighed the required factors in 20 C.F.R. § 404.1527(c) and § 416.927(c). *Johnson v. Astrue*, No. 3:08-cv-1488-BD, 2010 WL 26469 at *4 (N.D. Tex. Jan. 4, 2010) ("The ALJ need not recite each factor as a litany in every case.").

Plaintiff also objects to the magistrate judge's finding that the ALJ had good cause to give the opinion of treating physician Sabeen Najam ("Dr. Najam") less than controlling weight, asserting that the ALJ mistakenly treated Dr. Najam as an examining source instead of a treating source and, furthermore, did not properly consider the required factors under 20 C.F.R. § 404.1527(c) and § 416.927(c). In asserting that the ALJ treated Dr. Najam as an examining physician instead of a treating physician, Plaintiff is apparently referring to the ALJ's statement that Dr. Najam's opinion was apparently based on a single evaluation of Plaintiff, when the records indicate that Plaintiff visited Dr. Najam three times. The magistrate judge determined that the ALJ was likely aware of the multiple visits because he cited Exhibit 7F, which details two of the visits to Dr. Najam. Regardless, the magistrate judge found that the ALJ's error, if any, was harmless because the ALJ also found that Dr. Najam's opinion was internally inconsistent and unsupported by the medical record, which provided the ALJ good cause to give Dr. Najam's

2

opinion less than controlling weight. The court agrees with the magistrate judge's analysis and conclusion. Moreover, the magistrate judge correctly found that the ALJ adequately weighed the factors set forth in 20 C.F.R. § 404.1527(c) and § 416.927(c).

Finally, Plaintiff objects that the magistrate judge incorrectly held that the ALJ did not err in finding Plaintiff's statements about her conditions less than credible. Specifically, Plaintiff objects to the magistrate judge's citation to the ALJ's comment that Plaintiff had experienced a sudden flare-up of symptoms coinciding with the due date of her disability papers. Plaintiff also maintains that the ALJ's opinion is boilerplate and conclusory with regard to Plaintiff's credibility. After carefully considering the ALJ's opinion, the court finds that the magistrate judge correctly determined that it was supported by substantial evidence. As discussed in the magistrate judge's analysis, the ALJ thoroughly discussed the evidence used to support his findings regarding Plaintiff's credibility, and the court finds no error in the magistrate judge's recommendation.

Accordingly, the court concludes that the magistrate judge correctly identified and discussed the points of error argued by Plaintiff and analyzed those points correctly. The magistrate judge properly examined the entire record to determine that substantial evidence supports the ALJ's assessments and determinations and the Commissioner's denial of benefits.

Thus, all of Plaintiff's objections are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is ADOPTED. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 21st day of March, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE